UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA        :
                                                :   CASE NO. 1:07-CR-566
         Plaintiff,                            :
                                                :
vs.                                            :   OPINION & ORDER
                                                :   [Resolving Doc. No. 92.]
RANDY S. DELANO                    :
                                                :
         Defendant.                         :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Before the Court is Defendant Randy S. Delano's motion for leave to file a delayed notice of appeal. For the reasons below, the Court **DENIES** Defendant Delano's motion.

## I. Background

On March 11, 2008, a jury in the Northern District of Ohio found Defendant Delano guilty of one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A) and of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)(C). On June 18, 2008, the Court sentenced Delano to 168 months in prison on each count, to be served concurrently. [Doc. 89.] At the conclusion of the sentencing hearing, Delano stated that he desired to appeal his conviction and the suppression issue involved in the case. Sentencing Tr. at 27. The Court then asked Delano's privately-retained trial counsel to file a notice of appeal on behalf of Delano. *Id.* The Court also asked Delano's trial counsel to inform the Court if he would continue to represent Delano on appeal or if the Court would need to appoint appellate

Case No. 1:07-CR-566
Gwin, J.

counsel from the CJA list. Sentencing Tr. at 28. Delano's trial counsel indicated that he would comply with both of the Court's requests. *Id.*

Delano's trial counsel did not file a notice of appeal from the Court's judgment and sentence. He also never informed the Court whether he would stay on as Delano's counsel on appeal. Following appointment of Delano's new (appellate) counsel on January 16, 2009, Delano moved the Court for leave to file a delayed notice of appeal with the Sixth Circuit on January 20, 2009. [Doc. 92.]

## II. Legal Standard & Analysis

The Court denies Defendant Randy S. Delano's motion for leave to file a delayed notice of appeal because it is untimely under Rule 4(b) of the Federal Rules of Appellate Procedure and in light of current Sixth Circuit case law.

Rule 4(b) of the Federal Rules of Appellate Procedure, which governs appeals in criminal cases, states that "[u]pon a finding of excusable neglect or good cause, the district court may – before or after the time has expired, with or without motion and notice – extend the time to file a notice of appeal *for a period not to exceed 30 days from the expiration of the time otherwise prescribed by . . . Rule 4(b)*." Fed. R. App. P. 4(b)(4) (emphasis added). Under Rule 4(b)(1)(A)(i)-(ii), in a criminal case, "a defendant's notice of appeal must be filed in the district court within 10 days after the later of: (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal."

The Sixth Circuit has held that district courts have "no power to extend the [notice of appeal] filing period beyond the time limit prescribed by [Rule 4(b)] . . . . The failure to take any action whatever within 40 [(10 plus 30)] days of the entry of the judgment is invariably fatal." *United States*

-2-

Case No. 1:07-CR-566
Gwin, J.

*v. Hove*, 548 F.2d 1271, 1273 (6th Cir.1977) (per curiam). Further, the Sixth Circuit has concluded that "[c]ompliance with Fed. R. App. P. 4(b) is a mandatory, jurisdictional prerequisite which [the] court can neither waive nor extend." *United States v. Hatfield*, 815 F.2d 1068, 1073 (6th Cir.1987).

In cases where a defendant demonstrates a desire to appeal from his judgement and sentence and his counsel fails to pursue such an appeal (at all or in a timely manner), the defendant's proper remedy is to file a "[28 U.S.C.] § 2255 motion for habeas relief in the district court . . . . [because] [s]uch failure by counsel constitutes per se ineffective assistance under the Sixth Amendment and entitles the defendant to habeas relief under § 2255. In such a case, the relief available to the defendant is a delayed direct appeal." *United States v. Leachman*, 309 F.3d 377, 380 (6th Cir. 2002); *see also Ludwig v. United States*, 162 F.3d 456, 458-59 (6th Cir.1998); *Rosinski v. United States*, 459 F.2d 59, 59-60 (6th Cir.1972) (per curiam).

Thus, the Court finds that even if it granted Defendant Delano a 30 day extension, as permitted by Rule 4(b), Delano still would have had to file a notice of appeal on or before August 4, 2008 in order for the notice of appeal to be considered timely. Since Delano's current notice of appeal comes more than five months after this date and the Court cannot waive or extend the notice of appeal filing period beyond the time prescribed in Rule 4(b), the Court denies Delano's motion for leave to file a delayed notice of appeal.

### I. Conclusion

For the abovementioned reasons, the Court **DENIES** Defendant Randy S. Delano's motion

Case No. 1:07-CR-566
Gwin, J.

for leave to file a delayed notice of appeal.

    IT IS SO ORDERED.

Dated: January 30, 2009                    s/        *James S. Gwin*
                                                                 JAMES S. GWIN
                                                                 UNITED STATES DISTRICT JUDGE