UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------
:
UNITED STATES OF AMERICA          :
: CASE NO. 1:07-CR-566
       Plaintiff,          :
:
vs.          : OPINION & ORDER
: [Resolving Doc. Nos. 94, 95.]
RANDY S. DELANO          :
:
       Defendant.          :
:
------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

      Before the Court is Defendant Randy S. Delano's motion for habeas corpus relief under 28 U.S.C. § 2255. [Doc. 94.] With his petition, Defendant Delano seeks leave to file a delayed direct appeal from his conviction and sentence. [*Id.*] The Government does not oppose Delano's motion. [Doc. 95.] Indeed, it asks the Court to grant Delano's motion for habeas relief and to allow Delano to file a delayed direct notice of appeal.

      On March 11, 2008, a jury in the Northern District of Ohio found Defendant Delano guilty of one count of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(b)(1)(A) and of one count of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(b)(1)©. On June 18, 2008, the Court sentenced Delano to 168 months in prison on each count, to be served concurrently. [Doc. 89.] At the conclusion of the sentencing hearing, Delano stated that he desired to appeal his conviction and the suppression issue involved in the case. Sentencing Tr. at 27. The Court then asked Delano's privately-retained trial counsel to file a notice of appeal on behalf of Delano. *Id.* The Court also asked Delano's trial counsel to inform the Court if he would continue to represent Delano on appeal or if the Court would need to appoint appellate

Case No. 1:07-CR-566
Gwin, J.

counsel from the CJA list. Sentencing Tr. at 28. Delano's trial counsel indicated that he would comply with both of the Court's requests. *Id.*

Delano's trial counsel did not file a notice of appeal from the Court's judgment and sentence. He also never informed the Court whether he would stay on as Delano's counsel on appeal. Following appointment of Delano's new (appellate) counsel on January 16, 2009, Delano moved the Court for leave to file a delayed notice of appeal with the Sixth Circuit on January 20, 2009. [Doc. 92.]

On January 30, 2009, the Court denied Defendant Delano's motion for leave to file a delayed notice of appeal, stating that Delano's proper remedy was to file a § 2255 motion for habeas relief. [Doc. 93.] In accordance with the Court's decision, Delano filed a motion for habeas relief under 28 U.S.C. § 2255 on February 5, 2009, alleging that his right to effective assistance of counsel was violated when his trial counsel did not file a notice of appeal from Delano's conviction and sentence, as Delano had requested. [Doc. 94.] On this basis, Delano asked the Court to grant him leave to file a delayed direct appeal. [*Id.*] On February 26, 2009, the Government responded and agreed that the Court should grant Delano's motion, conceding that "trial counsel's failure to file [the notice of appeal rendered his assistance] constitutionally ineffective." [Doc. 95.] The Court therefore **GRANTS** Defendant Delano's § 2255 motion for habeas relief, allowing Delano to file a delayed direct appeal from his conviction and sentence.

IT IS SO ORDERED.

Dated: March 2, 2009　　　　　　　　　　　　s/　　*James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE