UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
UNITED STATES OF AMERICA,         :
                                  :   CASE NO. 1:07-CR-566
        Plaintiff,                :
                                  :
    v.                            :   OPINION & ORDER
                                  :   [Resolving Doc. No. 120]
RANDY S. DELANO,                  :
                                  :
        Defendant.                :
                                  :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Randy Delano moves this Court to appoint counsel to assist with his motion to vacate under 28 U.S.C. § 2255, which Delano filed in this Court on July 21, 2011. [Doc. 120; Doc. 118.] The appointment of counsel in a habeas corpus proceeding is not a constitutional right. *Douglas v. Maxwell*, 357 F.2d 320, 321 (6th Cir. 1966). Unless an evidentiary hearing will be held, appointment of counsel is not required by 18 U.S.C. § 3006A(a)(2), and the lack of complexity of the case is a factor weighing against the discretionary appointment of counsel. *See Hollingsworth v. Sheets*, 2:10-CV-046, 2010 WL 2571054, at *1 (S.D. Ohio June 22, 2010).

Delano says that the Court should appoint counsel for him because (1) he is presently incarcerated and has limited access to legal materials, (2) he is indigent, and (3) the case presents complex issues. [Doc. 120.] Although the Court recognizes the difficulties facing *pro se* litigants, the Court finds no exceptional circumstances warranting the appointment of counsel in this case.

-2-

Case No. 1:07-CR-566
Gwin, J.

Contrary to the Defendant's assertion, the legal issues presented by Delano's habeas petition are not particularly complex. Delano presents no other reason why appointment of counsel is warranted in this case. Indeed, Delano's § 2255 habeas petition, which clearly lays out the grounds for his motion to vacate, and his two motions for appointment of counsel suggest that he has some ability to draft legal documents and otherwise support his habeas petition on his own.

Accordingly, the Court **DENIES** the Defendant's motion for appointment of counsel.

IT IS SO ORDERED.


Dated: August 18, 2011　　　　　　　　　　　*s/     James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICTJUDGE