UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-----------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :
                                                :         CASE NO. 1:07-CR-00566-001
            Plaintiff-Respondent,               :
                                                :
    v.                                          :         OPINION & ORDER
                                                :         [Resolving Doc. No. 129]
Randy S. Delano,                                :
                                                :
            Defendant-Petitioner.               :
                                                :
-----------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant-Petitioner Randy S. Delano moves *pro se* to amend and supplement his § 2255 motion with an actual innocence claim and an argument that he is entitled to the benefit of "the new retroactive crack law amendment." [Doc. 129.]  Because he fails to present any new evidence, and the Fair Sentencing Act of 2010 is not retroactive, the Court **DENIES** his motion.

**I. Background**

Following a jury trial, Defendant-Petitioner Randy S. Delano was convicted of possession with intent to distribute cocaine and crack cocaine. [Doc. 89.]  On July 21, 2011, the Defendant-Petitioner filed a *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, saying that there was insufficient evidence to support his conviction.  In support of the motion, Delano says a witness called by the government, Loreal Johnson, admitted that the drugs in question were hers, and that his attorney was ineffective for failing to file a direct appeal. [Doc. 118.]

Case No. 1:07-CR-00566-001
Gwin, J.

The Defendant-Petitioner now seeks to amend his motion in two ways. First, he says that his motion should have included a claim of actual innocence, and that if he is permitted to introduce a tape recording of Loreal Johnson's post-arrest statement, the tape recording "would support [his] claim of actual innocence." [Doc. 129 at 3-4.] Second, he says that if any relief "under the new crack amendment law is applicable it should be applied." *Id.* at 4.

## II. Analysis

A district court properly denies a motion to supplement a § 2255 motion where the proposed argument makes claims based on inapplicable authority, *McCall v. United States*, No. 99-3524, 2000 WL 1597853 (6th Cir. 2000), where an issue is not "properly raised" because the legal argument has been specifically rejected, *id*. at *1, or where cited authority "is not applicable." *Id.* at *3. "Motions to amend 'should be denied if the amendment . . . would be futile.'" *United States v. Gibson*, 424 F. App'x 461, 465 (6th Cir. 2011) (quoting *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010)).

The Defendant-Petitioner's Motion suffers both deficiencies and the proposed amendments would be futile. First, the Loreal Johnson tapes (there are two[1]) are not newly discovered evidence and cannot establish actual innocence. *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (explaining that "new evidence" required to establish actual innocence refers to "relevant evidence that was either excluded or unavailable at trial."). It is undisputed that tapes were neither excluded nor unavailable at trial. They were provided to the defense in discovery, [Doc. 130 at 3], and defense counsel chose

---

[1] The first recorded post-arrest interview provides an account of the events leading up to the arrest of Loreal Johnson, who was at a graduation party with the Defendant-Petitioner. They left the party in the Defendant-Petitioner's car, and when a patrol car approached, he threw a package containing drugs into her lap and told her to put it down the front of her pants." [Doc. 126 at 3.] In the second recorded interview, Loreal Johnson stated that the drugs belonged to the Defendant-Petitioner. *Id*. The Defendant-Petitioner does not dispute either characterization of the tapes, saying only that the tape recordings "could have proved my innocence." [Doc. 118 at 4.]

-2-

Case No. 1:07-CR-00566-001
Gwin, J.

not introduce them despite the Defendant-Petitioner's request. [Doc. 118 at 4.] This may be because, as the government says, the tapes are in fact inculpatory, [Doc. 130 at 3], but they cannot make it "more likely than not that no reasonable juror" could have convicted the Defendant-Petitioner, *Schlup*, 513 U.S. at 327, because Loreal Johnson testified on cross-examination that the drugs were hers, not his, [Doc. 91 at 60] and the jury nonetheless chose not to credit that testimony in reaching its verdicts. [Doc. 118 at 4.] A reasonable juror could have credited instead the testimony of Loreal Johnson that they were on the Defendant-Petitioner's lap before he threw them on hers and told her to "stick them down [her] pants," [Doc. 91 at 24-25], and the testimony of Special Agent Robert McBride that the Defendant-Petitioner admitted that the drugs were his. [Doc. 109 at 79, 91.]

Second, the Defendant-Petitioner's request to benefit from any applicable provisions of "the new crack amendment law," by which the Court understands him to mean the Fair Sentencing Act of 2010, Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010), is futile. The Defendant-Petitioner was sentenced well before enactment on June 17, 2008, [Doc. 88], and the Act's amendments to 21 U.S.C. § 841 are not retroactive. *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).

### III. Conclusion

For the foregoing reasons, the Court **DENIES** the Defendant-Petitioner's motion.

IT IS SO ORDERED.

Dated: November 3, 2011              s/      *James S. Gwin*
                                     JAMES S. GWIN
                                     UNITED STATES DISTRICT JUDGE