```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                              :
UNITED STATES OF AMERICA,                     :
                                              :     CASE NO.  1:07-CR-00566-1
          Plaintiff,                          :
                                              :
v.                                            :     OPINION & ORDER
                                              :     [Resolving Docs. 118, 125, 132, 133.]
RANDY DELANO,                                 :
                                              :
          Defendant.                          :
                                              :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

A jury convicted Randy Delano of one count of possession with the intent to distribute cocaine and one count of possession with the intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and 21 U.S.C. § 841(a)(1), (b)(1)(A), respectively.[1]  On June 17, 2008, this Court sentenced Delano to two terms of 168 months' imprisonment to be served concurrently.[2]  Delano now moves for a reduction in that sentence pursuant to 18 U.S.C. § 3582(c)(2) and United Sentencing Guidelines Manual (USSG) § 1B1.10 (2012), and to vacate his conviction under 28 U.S.C. § 2255, as well as to amend his § 2255 petition, and for summary judgment on the § 2255 petition.[3]  The United States opposes the motions.[4]  Because Delano's requested reduction is "consistent with applicable policy statements issued by the Sentencing

---

[1] [Doc. 68.]

[2] [Doc. 89 at 2.]

[3] [Doc. 118, 132, 133, 125.]

[4] [Doc. 126, 134.]

Case No. 1:07-CR-00566-1
Gwin, J.

Commission,"[5] the Court **GRANTS** Delano's motion for a sentence reduction. But because Delano has not shown that he is in custody in violation of the Constitution or laws of the United States, nor that the Court was without jurisdiction to impose his sentence, the Court **DENIES** Delano's motion for relief under 28 U.S.C. § 2255 and his other motions related to this petition.

## I. Background

A jury convicted Delano of possession with the intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A) and 18 U.S.C. § 2.[6] The jury also found Delano guilty of possession with intent to distribute a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2.[7]

The evidence at trial indicated that on June 3, 2007, Ashtabula County Sheriff's Deputy George Taylor Cleveland was on patrol when he noticed a red Chevrolet Camero leaving the home of Larry Adams, who he believed to be a drug dealer.[8] The driver was later identified as Randy Delano, and the passenger as Loreal Johnson.

The Government granted Johnson immunity in exchange for her testimony against Delano.[9] Johnson testified that on June 3, 2007, she accompanied Mr. Delano to the home of Larry Adams.[10] While she waited in the car, Delano entered the house and reemerged with something that he stuck

---

[5] 18 U.S.C. § 3582(c)(2).

[6] {Doc. 68 at 1-2.]

[7] [Doc. 68 at 3.]

[8] Tr. 72-74.

[9] Tr. 4.

[10] Tr. 12, 21.

Case No. 1:07-CR-00566-1
Gwin, J.

in his shirt.[11] Delano began to pull the car out of Adams's driveway when they noticed Cleveland's police car.[12] Delano then saw the police car pull up quickly behind them, and moved the package from his own lap to Johnson's lap.[13] He told her to put the package in her pants.[14] She complied, stuffing the drugs in the thigh area of her pants.[15]

During this time, Cleveland said that he followed two car lengths behind Delano's low-slung Camero at thirty-five miles per hour on a poorly-paved road.[16] He said, improbably, that he saw the driver looking at him and the passenger lifting her posterior off the seat and arching her back.[17] Cleveland followed the Camero until it failed to signal within 100 feet of an intersection and pulled it over.[18]

During the ensuing stop, Cleveland radioed for a drug dog.[19] When he told Delano this, Delano began cursing.[20] Cleveland also observed that Johnson became very nervous.[21] Cleveland

---

[11] Tr. 21.

[12] Tr. 23.

[13] Tr. 24.

[14] Tr. 25.

[15] Tr. 26-27.

[16] Tr. 102-103.

[17] Tr. 77, 104-05.

[18] Tr. 76-79.

[19] Tr. 82.

[20] Tr. 83.

[21] Tr. 83.

Case No. 1:07-CR-00566-1
Gwin, J.

noticed the bulge in her jeans.[22] Cleveland asked Johnson what she had in her pants and she began to cry.[23] He Mirandized her and again asked her what she had in her pants.[24] She said that she had drugs, and Cleveland permitted her to extract the drugs—two bags of cocaine.[25] Cleveland took Johnson into custody, wrote Delano a traffic citation, and let him to go.[26] Johnson maintained, until trial, that the drugs were Delano's.[27] Agents later determined the bags to contain 119.3 grams of crack and 121.1 grams of powder cocaine.[28]

On December 18, 2007, the FBI arrested Johnson and Delano.[29] In custody, Delano waived his Miranda rights and consented to a search of his residence.[30] The search yielded a small bag of cocaine, which Mr. Delano described as for his personal use, and $166 in cash under a couch in the living room.[31] Delano also said that he recalled Cleveland's June 3, 2007, arrest of Johnson, and that the drugs she was carrying that day were his.[32] He said that he felt sorry for involving Johnson

---

[22] Tr. 83-84.

[23] Tr. 84.

[24] Tr. 84.

[25] Tr. 85.

[26] Tr. 89.

[27] Tr. 68.

[28] Tr. 155.

[29] Tr. 127.

[30] Tr. 128.

[31] Tr. 128, 133, 134.

[32] Tr. 131.

-4-

Case No. 1:07-CR-00566-1
Gwin, J.

because she was only nineteen-years-old.[33] Finally, Delano told an agent that he "should just plead guilty now."[34]

At trial, Johnson changed her previous statements. She testified that the drugs found on her on June 3, 2007, belong to her.[35] She also said that she had received them from a drug dealer named Al in Youngstown.[36] She said that in her earlier statements, she lied and said that the drugs were Delano's because she was upset with Delano.[37]

The Court granted Delano's motion for a judgment of acquittal on Count 1 of the indictment, a conspiracy charge, and the jury returned guilty verdicts on Counts 2 and 3, the possession of cocaine and cocaine base charges.[38] The Court sentenced Delano to 168 months of incarceration on Counts 2 and 3 to be served concurrently.[39] Following an amended judgment, Delano filed a direct appeal saying that his sentence was unreasonable because this Court placed too much weight on Delano's statements at sentencing and overstated the seriousness of his prior criminal conduct.[40] The Court of Appeals disagreed and affirmed this Court's sentence.[41]

---

[33] Tr. 136.

[34] Tr. 135.

[35] Tr. 56.

[36] Tr. 62.

[37] Tr. 63.

[38] Tr. 157; Doc. 68.

[39] [Docs. 89, 97.]

[40] [Doc. 98.]

[41] [Doc. 113.]

Case No. 1:07-CR-00566-1
Gwin, J.

Delano then filed this § 2255 motion to vacate his sentence.[42] With his petition, Delano says that his conviction was based on insufficient evidence because Johnson said at trial that the drugs were her's and that he was denied the effective assistance of counsel at trial because his trial counsel never presented tape recordings that he wanted to present.[43] Delano also filed a Motion for Summary Judgment saying "that the Government had plenty of time of time [sic] to object to pititioner [sic] Randy S. Delano['s] 2255 motion."[44] Delano also moves, for a second time, to supplement and amend his § 2255 petition.[45] Finally, Delano moves for retroactive application of changed sentencing guidelines saying that his sentence was based on a guideline range that has subsequently been lowered.[46] The Court addresses each motion in turn.

## II.  Delano's § 2255 Motion

### A. Legal Standard

United States Code Title 28, Section 2255 gives a federal prisoner post-conviction means of collaterally attacking a conviction or sentence that violates federal law.[47] Section 2255 provides four grounds to challenge a conviction or sentence: "(1) The sentence violates the Constitution or laws of the United States; (2) the court lacked jurisdiction to impose such sentence; (3) the sentence exceeded the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral

---

[42] [Doc. 118.]

[43] [Doc. 118 at 4.]

[44] [Doc. 125 at 2.]

[45] [Doc. 132.]

[46] [Doc. 133.]

[47] See *In re Gregory*, 181 F.3d 713, 714 (6th Cir.1999).

Case No. 1:07-CR-00566-1
Gwin, J.

attack."[48]

To prevail on a § 2255 motion alleging a constitutional error, the movant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings."[49] A § 2255 motion alleging a non-constitutional error must establish a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process."[50] The Court may summarily deny a motion to vacate if it plainly appears from the face of the motion and any annexed exhibits that the movant is not entitled to relief.[51]

As a general rule, a habeas petitioner may not seek to relitigate an argument raised unsuccessfully on direct appeal, or raise an argument that he could have but did not raise on direct appeal.[52] An ineffective assistance of counsel claim, however, is not subject to this rule and may be raised in a § 2255 motion whether or not the petitioner could have raised the claim on direct appeal.[53]

To show ineffective assistance of counsel, a convicted party must establish both "(1) that counsel's performance fell below an objective standard of reasonableness, and (2) that there is a

---

[48] 28 U.S.C. § 2255.

[49] *Watson v. United States*, 165 F.3d 486, 488 (6th Cir.1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)).

[50] *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir.1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)) (internal quotation marks removed).

[51] *Smith v. United States*, 348 F.3d 545, 550 (6th Cir.2003).

[52] *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir.1999); *see also Peveler v. United States*, 269 F.3d 693, 698 (6th Cir.2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).

[53] *See Massaro v. United States*, 538 U.S. 500, 504 (2003) ("We hold that an ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal.")

Case No. 1:07-CR-00566-1
Gwin, J.

reasonable probability that, but for that deficiency, the outcome of the proceeding would have been different."[54] A "reasonable probability is a probability sufficient to undermine confidence in the outcome."[55]

**B. Analysis**

*1. Summary Judgment*

As an initial matter, the Court denies Delano's motion for summary judgment. As Delano would have it, this Court should have denied the Government's motion for additional time to respond to Delano's § 2255 motion and granted him summary judgement based on the Government's failure to respond.[56] But the Court granted the Government additional time to respond,[57] and the Government timely filed a response.[58]

The Court finds no precedent for a summary judgment motion in context of a § 2255 petition. Generally, Rule 12 of the Rules Governing § 2255 Proceedings says that "[t]he Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." Federal Rule of Civil Procedure 56 says that "[a] party may move for summary judgment, identifying each claim or defense or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

---

[54] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

[55] *Id*.

[56] [Doc. 125.]

[57] [Doc. 124.]

[58] [Doc. 126.]

Case No. 1:07-CR-00566-1
Gwin, J.

While the Court finds no reason why Rule 56 would be inconsistent with the Rules Governing § 2255 proceedings, the effect of such a motion is another question. Generally, the effect of a motion for summary judgment would be to ask the Court to decide a § 2255 petition (in this case for Petitioner Delano) without the benefit of an evidentiary hearing. The Court agrees that this case does not require an evidentiary hearing.

On the other hand, Delano's motion does not state a proper independent basis for summary judgment in his favor. Even if the Government had not responded to his motion for summary judgment, the Court has an independent responsibility to assess the propriety of granting Delano's motion.[59] And Delano presents no authority that he was entitled to judgment as a matter of law simply because the Government did not respond to his motion. To the contrary, the trial record in this case provides strong persuasive evidence that Delano is properly in custody—evidence the Court evaluates in context of Delano's underlying § 2255 motion. Moreover, Delano himself acknowledges that the basis for his motion for summary judgement was the Government's failure to respond to his § 2255 petition within the initial deadline.[60] When the Court extended the deadline and the Government filed its opposition, this purported basis evaporated. Accordingly, the Court denies Delano's motion for summary judgment.

*2. Section 2255 Motion*

Delano raises two arguments in support of his § 2255 motion. First, he says that there is insufficient evidence to sustain his conviction because Johnson changed her testimony to say that

---

[59] *See Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 407 (6th Cir. 1992) ("The trial court must indeed intelligently and carefully review the legitimacy of such an unresponded-to motion, even as it refrains from actively pursuing advocacy or inventing the riposte for a silent party.").

[60] [Doc. 125.]

Case No. 1:07-CR-00566-1
Gwin, J.

the drugs were her's and not Delano's. Second, Delano says that his attorney rendered ineffective assistance of counsel because he "never presented any evidence that [Delano] asked to be presented at trial, such as tape recordings that could have proved [Delano's] innocence."[61] The Government says that Delano is procedurally barred from raising his insufficient evidence claim, and that the claim loses on the merits.[62] Moreover, the Government says that Delano's attorney reasonably opted not to introduce the recordings to which Delano refers because they contained statements by Johnson inculpating Delano.[63]

### a. Insufficient Evidence

Delano's insufficient evidence claim is procedurally barred. Generally, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice."[64] Delano gives no reason why he could not have raised his insufficient evidence claim on direct review. While Delano does say that he received ineffective assistance of counsel at trial from his trial attorney, Carlos Johnson, Delano does not complain about the assistance of his appellate counsel, Jamie Serrat.[65] Absent a claim of ineffective assistance of counsel or some other cause and prejudice for the failure to raise this claim, Delano cannot bring it for the first time in this § 2255 proceeding.

### b. Ineffective Assistance of Counsel

While the Court has jurisdiction to consider Delano's ineffective assistance of trial counsel

---

[61] [Doc. 118 at 4.]

[62] [Doc. 126 at 2.]

[63] [Doc. 126 at 2.]

[64] *Massaro*, 538 U.S. at 504.

[65] [Doc. 118.]

-10-

Case No. 1:07-CR-00566-1
Gwin, J.

claim,[66] the claim is likewise unavailing. As Delano would have it, had his trial counsel, Mr. Johnson, introduced interviews between law enforcement and Ms. Johnson, his then-girlfriend, the jury would have acquitted him.

Delano fails to show both that the decision not to introduce tapes was unreasonable and that the tapes could have altered the outcome at trial. Most fundamentally, this is because Delano does not identify which "tape recordings . . . could have proved [his] innocence."[67] Absent some greater explanation of which tapes should have been introduced or what they would have said, the Court cannot say that but for Mr. Johnson's failure to introduce these tapes, "there was a reasonable probability of a different result at trial."[68]

The Court has reviewed transcripts of interviews that Deputy Cleveland conducted with Ms. Johnson on June 3, 2007 and June 4, 2007.[69] Objectively, Attorney Johnson's decision not to introduce these tapes was reasonable trial strategy. While the June 4, 2007, interview does show agents encouraging Ms. Johnson to cooperate and inculpate Delano to avoid penalties herself, it also shows her incriminating Delano repeatedly. In the interviews, Ms. Johnson says that Delano gave her crack to hide in her pants as Deputy Cleveland's vehicle approached. Delano has not shown that introducing these tapes would have made any difference at trial.

Moreover, Ms. Johnson made both inculpatory and exculpatory statements about Mr. Delano at trial. The Jury had the opportunity to evaluate Ms. Johnson's credibility and assess which version

---

[66]*See id*.

[67][Doc. 118 at 4.]

[68]*Stewart v. Wolfenbarger*, 468 F.3d 338, 360 (6th Cir. 2006).

[69]The Government submitted these transcripts in written form with its Brief in Opposition to Delano's § 2255 petition, although they were not made a part of the trial record. The transcripts bear the initials "LJ" and the date "3-7-08" in the lower right corner, apparently signifying the date on which Ms. Johnson approved them.

-11-

Case No. 1:07-CR-00566-1
Gwin, J.

of events to accept. Introducing further evidence of the earlier version—that the drugs belonged to Delano—was unlikely to persuade the jury that the drugs belonged to Ms. Johnson. In sum, Delano fails to show either that Mr. Johnson acted unreasonably or that any different actions by Mr. Johnson could have altered the outcome at trial.

Delano also says, in passing, that Defense Attorney Johnson was ineffective because he failed to timely file a notice of appeal. Yet the Court already rectified any defect resulting from this failure by issuing an amended judgment,[70] which permitted Delano to file a notice of appeal,[71] and ultimately receive a decision on the merits of his direct appeal from the Court of Appeals.[72]

*3. Delano's Motion to Amend and Supplement his Response*

After filing the instant § 2255 petition, Delano also moved to supplement the petition.[73] The Court has already denied one such motion and, for the same reasons, does so again. Delano says that if allowed to supplement his § 2255 petition, he would include discussion of "tape recording of a conversation of Ms. Loreal Johnson stating that the drugs were hers," which "supports the testimony Ms. Johnson gave at trial."[74]

A district court properly denies a motion to supplement a § 2255 motion where the proposed argument makes claims based on inapplicable authority,[75] where an issue is not "properly raised"

---

[70] [Doc. 97.]

[71] [Doc. 98.]

[72] [Doc. 113.]

[73] [Doc. 132.]

[74] [Doc. 132 at 5.]

[75] See *McCall v. United States*, No. 99-3524, 2000 WL 1597853 (6th Cir. Oct. 19, 2000) (unpublished disposition).

Case No. 1:07-CR-00566-1
Gwin, J.

because the legal argument has been specifically rejected,[76] or where cited authority "is not applicable."[77] "Motions to amend 'should be denied if the amendment . . . would be futile.'"[78]

The Defendant-Petitioner's Motion suffers both deficiencies and the proposed amendments would be futile. First, the Loreal Johnson tapes are not newly discovered evidence and cannot establish actual innocence.[79] It is undisputed that tapes were neither excluded nor unavailable at trial. They were provided to the defense in discovery,[80] and defense counsel reasonably chose not introduce them despite the Defendant-Petitioner's request.[81] Second, amendment would be futile. The Court has considered these tapes and finds no basis on which to conclude that their introduction would have caused the Jury to acquit Delano. Further discussion of the tapes in Delano's petition would not change the Court's finding.

### III. Delano's Motion for Retroactive Application of Sentencing Guidelines

Delano also moves this court for retroactive application of sentencing guidelines.[82] The United States opposes the motion because, the Government says, Delano is only eligible for a sentence reduction on his crack cocaine sentence imposed under Count 2, and not on the powder

---

[76] *See id.* at *1.

[77] *See id.* at *3.

[78] *United States v. Gibson*, 424 F. App'x 461, 465 (6th Cir. 2011) (quoting *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010)).

[79] *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995) (explaining that "new evidence" required to establish actual innocence refers to "relevant evidence that was either excluded or unavailable at trial").

[80] [Doc. 130 at 3.]

[81] [Doc. 118 at 4.]

[82] [Doc. 133.]

-13-

Case No. 1:07-CR-00566-1
Gwin, J.

cocaine sentence concurrently imposed under Count 3.[83] While the Government is correct that the Court imposed concurrent sentences on Counts 2 and 3, the Sentencing Guidelines require the Court to aggregate the drugs involved in Counts 2 and 3 and then impose concurrent sentences on both counts. Because the sentences for both counts were thus based on the amount of crack Delano possessed, and because the applicable guideline ranges for crack possession have subsequently been lowered, the Court grants Delano's motion.

**A. Legal Standard**

> This Court has limited authority to reduce a previously imposed sentence:
>
> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.[84]

To determine whether a sentence warrants reduction, a court undertakes a two step inquiry:

> At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. . . . At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case.[85]

Accordingly, this Court compares the guideline range under which it initially sentenced Delano with the applicable guideline range under the present guidelines. If the current guideline range is lower

---

[83] [Doc. 134 at 2.]

[84] 18 U.S.C. § 3582(c)(2).

[85] *Dillon v. United States*, 130 S. Ct. 2683, 2692 (2010).

-14-

than the prior range, this Court may reduce the prisoner's sentence if the circumstances of the case so warrant.

**B. Analysis**

This Court initially sentenced Delano to two concurrent sentences of 168 months of incarceration. On both Counts, the Court found an applicable Guideline range of 168 to 210 months of incarceration based on Offense Level 30 and Criminal History Category IV. Under the current guidelines, however, this Court finds an applicable guideline range of 120 to 137 months based on Offense Level 28, Criminal History Category IV, and a statutory minimum of 120 months.

Current United States Sentencing Guidelines § 3D1.1(a) requires a court to "[g]roup the counts resulting in conviction into distinct Groups of Closely Related counts ("Groups") by applying the rules specified in § 3D1.2. Guidelines § 3D1.2(d) in turn requires grouping of offenses covered under § 2D1.1.[86/] And § 2D1.1(c), in turn, covers both possession of cocaine and cocaine base. Since § 3D1.1(a) requires grouping in this case, the Court then proceeds to § 3D1.3(b). Guidelines § 3D1.3(b) requires the court to assign a single offense level to the grouped offenses based on the aggregated quantity of drugs. To determine the aggregated quantity of drugs involved, the Court must "convert each of the drugs to its marihuana equivalent, add the quantities, and look up the total in the Drug Quantity Table to obtain the combined offense level.[87/]

In this case, Delano possessed 119.3 grams of crack and 121.1 grams of powder.[88/] Crack converts to marihuana at 1 gram of crack is equivalent to 3,571 grams of marihuana, and powder

---

[86/] USSG § 3D1.2(d).

[87/] USSG § 2D1.1 Application Note 8(B).

[88/] [Doc. 133 at 2; 134 at 2.]

cocaine coverts at a rate of 1 gram of powder cocaine equivalent to 200 grams of marihuana.[89] The crack is equivalent to 426,020.3 grams of marihuana. The powder cocaine is equivalent to 24,220 grams of marihuana. In total, these quantities equal 450,240.3 grams of marihuana, which gives an Offense Level of 28 in the drug equivalency table.[90] Mr. Delano's Criminal History category is IV, which would yield a guideline range of 110 to 137 months. Because, however, Mr. Delano's offense involved more than 50 grams of crack, he is subject to a statutory minimum of 120 months.[91] Thus, under Guideline § 5G1.2(b), Mr. Delano's guideline range becomes 120 to 137 months[92]—lower than Mr. Delano's current 168-month sentence.

With this new guideline range in mind, the Court again considers the 18 U.S.C. § 3553(a) factors: the need to impose a sentence that reflects just punishment, affords adequate deterrence, protects the public, and reflects the seriousness of the offense. Considering these and the nature and circumstances of the offense, the Court remains concerned that Delano continues to attempt to shift responsibility for his conduct onto Ms. Johnson. Defendant's statements at his initial sentencing hearing suggest that he may not understand the seriousness of the offense and also suggest greater need to protect the public and deter Delano in the future. For example, he said that the Government "wanted to make it sound like a female is not capable of transporting drugs like that" and that the Court should reject such attempts because "[t]his is 2008, we got a female running for president"[93] Nonetheless, Delano's family circumstance growing up and his bipolar disorder suggest a lower

---

[89] USSG § 2D1.1 Application Note 10(D).

[90] USSG § 2D1.1(c)(6).

[91] 21 U.S.C. § 841(b)(1)(A)(iii) (2007).

[92] *See* USSG § 5G1.2 Application Note 3(B).

[93] [Doc. 108 at 22.]

Case No. 1:07-CR-00566-1
Gwin, J.

sentence. Accordingly, the Court maintains its earlier reasoning and sentences Delano to the low end of the guideline-range, 120 months. The sentence is to run concurrently on Counts 2 and 3. The Court maintains the remaining conditions of its earlier sentencing order.

### IV. Conclusion

For these reasons, the Court **DENIES** Delano's motions for relief under 28 U.S.C. § 2255 as well as his motions for summary judgment and to amend and supplement his response. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith. The Court **GRANTS** Delano's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 USC § 3582 and sentences Delano to 120 months of incarceration.

IT IS SO ORDERED.

Dated: May 13, 2013          s/ *James S. Gwin*
                                                                   JAMES S. GWIN
                                                                   UNITED STATES DISTRICT JUDGE